AM-7718
Pitney Hardin LLP
(MAIL TO) P.O. BOX 1945, MORRISTOWN, N.J. 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, N.J. 07932-0950
(973) 966-6300

Attorneys for Plaintiffs Ridgewood Renewable Power LLC
and Ridgewood Energy Corporation

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RIDGEWOOD RENEWABLE POWER LLC and RIDGEWOOD ENERGY CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SUN CITY EQUITY FUND, LLC, SUN CITY EQUITY FUND 2, LLC, MACKENZIE PATTERSON FULLER LP, PATTERSON FINANCIAL ADVISORS, INC., JOHN DOE INVESTOR, JOHN DOES (1-10), JANE DOES (1-10), and ABC CORP. (1-10),<br><br>Defendants. | Civil Action No. _____<br><br>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Ridgewood Renewable Power LLC ("Ridgewood Power") and Ridgewood Energy Corp. ("Ridgewood Energy") (together, "Ridgewood"), by their attorneys, Pitney

- 1 -

Hardin LLP, complaining of defendants Sun City Equity Fund, LLC, Sun City Equity Fund 2, LLC (together, "Sun City"), Mackenzie Patterson Fuller LP, Patterson Financial Advisors, Inc. (together "MPF"), John Doe Investor, John Does (1-10), Jane Does (1-10), and ABC Corp. (1-10), says:

### The Parties

1. Plaintiff RIDGEWOOD RENEWABLE POWER LLC is a company organized and existing under the laws of the state of New Jersey, having its principal place of business at 947 Linwood Avenue, Ridgewood, New Jersey. Through various managed investment trusts (the "Power Funds"), Ridgewood Power is an owner and operator of renewable electric power and infrastructure projects in the United States, United Kingdom, and Egypt.

2. Plaintiff RIDGEWOOD ENERGY CORPORATION, a company organized and existing under the laws of the state of Delaware, has a principal place of business at 947 Linwood Avenue, Ridgewood, New Jersey. Through various managed investment funds (the "Energy Funds"), Ridgewood Energy invests in some of the largest natural gas and oil exploration and development projects in the U.S. waters of the Gulf of Mexico.

3. Upon information and belief, Defendant Sun City Equity Fund, LLC is a company organized and existing under the laws of the state of Arizona. Upon information and belief, Sun City Equity Fund, LLC is allegedly located at 190 W. Continental Road, Suite 220-224, Green Valley, Arizona and is owned and/or controlled by defendant MPF.

4.   Upon information and belief, Defendant Sun City Equity Fund 2, LLC is a company organized and existing under the laws of the state of Arizona. Upon information and belief, Sun City Equity Fund 2, LLC is allegedly located at 190 W. Continental Road, Suite 220-224, Green Valley, Arizona and is also owned and/or controlled by Defendant MPF.

5.   Upon information and belief, Defendant Mackenzie Patterson Fuller LP ("Mackenzie") is a limited partnership organized and existing under the laws of the state of California. Defendant Mackenzie has its principal place of business at 1640 School Street, Moraga, California 94556.

6.   Upon information and belief, Defendant Patterson Financial Advisors, Inc. ("Patterson Financial") is a corporation organized and existing under the laws of the state of California. Upon information and belief, Patterson is owned and/or controlled by defendant Mackenzie Patterson Fuller LP and has its principal place of business at 1640 School Street, Moraga, California 94556.

7.   Upon information and belief, Defendant John Doe Investor is a person or entity, whose identity is unknown at this time, and who is believed to be an investor in both the Ridgewood-managed funds and in the Sun City Equity Fund 2, LLC. Upon information and belief, John Doe Investor obtained confidential personal and financial information of other Ridgewood investors for an inappropriate purpose, disclosed this confidential information to an unaffiliated third party, and, as such, violated the terms of applicable trust agreement(s) and breached duties of loyalty and good faith to Ridgewood and Ridgewood investors.

8. Upon information and belief, Defendants ABC Corp. (1-10), John Does (1-10), and Jane Does (1-10) are persons and business entities, in whatever form, whose identities are unknown at this time, and who are believed to have participated with Defendants Sun City Equity Fund, LLC, Sun City Equity Fund 2, LLC, Mackenzie Patterson Fuller LP and Patterson Financial Advisors, Inc. in the unauthorized and illegal acquisition and use of Ridgewood's proprietary and confidential client information and trade secrets.

### Jurisdiction and Venue

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332(a)(1) because the matter in controversy is between citizens of different states and exceeds $75,000.

10. The Court has personal jurisdiction over defendants by virtue of the fact that, among other things: (1) defendants sought out and solicited numerous Ridgewood investors at their New Jersey residences; (2) the list used by Defendants to solicit New Jersey residents originated from and is maintained in New Jersey; (3) defendants' wrongfully used proprietary information belonging to a New Jersey company and approximately 211 New Jersey residents; and (4) the damage to Plaintiffs is occurring in New Jersey.

11. Venue is proper in this District pursuant to 28 U.S.C §§ 1391(a).

### Factual Background

12. Ridgewood Power and Ridgewood Energy provide certain management, investment, and other services to the Power Funds and Energy Funds under various management agreements.

13. Ridgewood has over 4000 investors who participate in its Power and Energy Funds. The Funds are currently valued at over $400 million dollars. The majority of investors in the funds are repeat customers on whom Ridgewood relies for their business.

14. Ridgewood's investors represent a small niche of elite investors who are willing to invest in the power and energy industries. Ridgewood's investors are accredited investors pursuant to Regulation D of the Security and Exchange Commission under the Securities Act of 1933 ("the '33 Act"), as amended. The accredited investor status of Ridgewood's investors exempts the Funds from certain registration requirements under the '33 Act.

15. Ridgewood keeps the identity of its investors, along with all other personal information provided to Ridgewood by its investors, strictly confidential.

16. The Power and Energy Funds are treated for Federal tax purposes as partnerships, and require the annual preparation of a Federal Partnership Tax Return and Federal income tax Schedules K-1. To facilitate the preparation of the annual Partnership Tax Return and individual Schedules K-1, and in order to qualify persons to be accredited investors in Ridgewood-managed funds, Ridgewood's investors are asked to provide certain confidential and personal information, including, but not limited to, social security numbers, personal financial information, addresses, and certain other credit information.

17. Ridgewood only discloses its confidential client information to its registered public accountants, who perform accounting and auditing services for the Funds on an annual basis, other service providers that are required to maintain the

confidentiality of all proprietary client information, its attorneys, and to state and federal taxing authorities.

18.   Except as noted above, Ridgewood does not disseminate any client financial or identification information to any third parties, and treats such information as a trade secret.

19.   Ridgewood's investors are asked to sign a Trust Agreement prior to participation in any Ridgewood-managed Funds, a true copy of which is attached hereto as Exhibit A. Under the applicable terms of the Trust Agreements, each investor in the Trusts generally has the right to obtain certain information from the Trust(s) in which they have invested. Pursuant to Section 11.4 of each Trust Agreement, each investor shall be provided upon request, the following:

> (3) A current list of the name and last known business, residence or mailing address of each Shareholder, if specifically designated as such in writing (unless such Shareholder has specified that the [Trust] is not to disclose such information . . .;

20.   Section 11.4(c) of each Trust Agreement provides for a limitation on the disclosure of confidential or proprietary information as follows:

> (c) The [Trust] may keep confidential from Investors for such period of time as it deems reasonable any information that it reasonably believes to be in the nature of trade secrets or other information that the [Trust] in good faith believes would not be in the best interests of the [Trust] to disclose or that could damage the [Trust] or its business or that the [Trust] is required by law or by agreement with a third party to keep confidential;

21.   Section 11.4(e) of the Trust Agreement also provides:

> (e) All demands or requests for information under this Section shall be solely for a purpose reasonably related to the Investor's interest in the Fund. . . .

22.   In or about August 21, 2006, Ridgewood's Chairman, Robert Swanson, was contacted by a Ridgewood investor who stated that she had received two letters at

her home address from an entity called the Sun City Equity Funds soliciting her Limited Partnership Units in certain Ridgewood-managed funds.

23. The investor stated to Mr. Swanson that she was "appalled" that this unaffiliated third party had obtained her personal information and had contacted her directly.

24. Ridgewood has since been contacted by other investors who have also expressed their anxiety that they are being contacted by Sun City with respect to their private investments in Ridgewood's Funds, and that their personal and financial information has been compromised by this same unknown and unaffiliated third party.

25. Upon information and belief, the Sun City Equity Funds and their affiliates have sent similar letters to a number of Ridgewood investors, including certain letters to investors in the Energy Funds but referring only to the Power funds.

26. Upon information and belief, Defendant Sun City has solicited investors in approximately six Ridgewood-managed funds: Ridgewood Electric Power Trust I, Ridgewood Electric Power Trust II, Ridgewood Electric Power Trust III, Ridgewood Electric Power Trust IV, Ridgewood Electric Power Trust V, and Ridgewood Power Growth Fund. A copy of Defendants solicitation of a Ridgewood Power Growth Fund investor is attached hereto as Exhibit B.

27. Upon information and belief, Defendant Mackenzie Patterson Fuller LP created Defendants Sun City Equity Funds approximately one month before the solicitation letters were sent to Ridgewood's investors for the purpose of improperly obtaining and soliciting Ridgewood's confidential client base. MPF is a direct competitor of Plaintiffs in the market for the sale of partnerships in energy investments.

28. Upon information and belief, Defendant Patterson Financial Advisors, Inc. is affiliated and/or controlled by Defendant Mackenzie Patterson Fuller LP and is also involved in the unauthorized acquisition and use of Ridgewood's proprietary and confidential client information.

29. Upon information and belief, a Ridgewood investor, who is also a "shareholder" in Sun City Equity Fund 2, LLC, may have provided Sun City with some of Ridgewood's proprietary information that Sun City and its affiliates are currently using to target Ridgewood's investors.

30. Defendants' improper acquisition and/or use of Ridgewood's confidential investor information may have created obligations for Ridgewood under certain federal and state identity theft statutes, which require that notice be given to customers whose personal information is improperly disclosed to unauthorized third parties.

31. Defendants' improper acquisition and/or use of Plaintiffs' confidential client information has permanently damaged, and continues to damage, Plaintiffs' reputation and credibility with its investors, and has destroyed, and continues to destroy, the goodwill that Ridgewood enjoyed both within the industry and with its investors and their advisors.

32. Both Ridgewood Power and Ridgewood Energy's businesses could be further disrupted or destroyed if their investors and potential investors believe that participation in the private Ridgewood Funds leads to unknown third parties gaining access to their personal and financial records and soliciting to buy their interests, or that Ridgewood is improperly disclosing their confidential client information to third parties.

33. Ridgewood cannot calculate its actual and potential damages incurred as a direct consequence of the wrongful activities and conduct of Defendants. As such, the damages and injuries sustained, as well as those threatened by reason of the intentional and continuous action of Defendants, are irreparable and Ridgewood has no adequate remedy at law.

### COUNT ONE (Misappropriation of Trade Secrets)
### (as against Defendants Sun City, MPF and John Doe Investor)

34. Plaintiffs repeat and reallege ¶¶ 1-33, as if fully set forth herein.

35. Ridgewood's client list and accompanying contact and financial information represent years of goodwill and client development and would be considered an extremely valuable trade secret to competing third parties.

36. It would be impossible for an unaffiliated third party to duplicate or to properly acquire Ridgewood's investor list and accompanying investor financial and personal information.

37. As a result of Defendants' wrongful acquisition and/or use of Ridgewood's confidential investor information, Ridgewood's business and reputation has been and continues to be injured in an amount that cannot be adequately measured or compensated by money damages.

### COUNT TWO (Tortious Interference With Business Relations – Inducement to Breach Ridgewood's Trust Agreement With Its Customers)
### (as against Defendants Sun City, MPF and John Doe Investor)

38. Plaintiffs repeat and reallege ¶¶ 1-37, as if fully set forth herein.

39. The solicitations in the form of purported tender offers sent by Defendants to investors require that the Ridgewood investors respond in writing with a tender of their respective shares.

40. Defendants' purported tender offer fails to advise Ridgewood investors that Ridgewood's consent must be obtained prior to any transfer of their interests in the funds.

41. Defendants' purported tender offer does not advise that a transfer without Ridgewood's consent would be a violation of the Trust Agreement and could subject the investor to liability.

42. Defendant Sun City and MPF are wrongfully attempting to induce Ridgewood's investors to breach their Trust Agreements.

43. Defendants' wrongful acts are intentional and malicious and have injured and continue to injure Plaintiffs.

**COUNT THREE (Tortious Interference With Business Relations – Improper Use of Ridgewood's Customer List)**
**(as against Defendants Sun City, MPF and John Doe Investor)**

44. Plaintiffs repeat and reallege ¶¶ 1-43, as if fully set forth herein.

45. Ridgewood has proprietary rights in its confidential client information.

46. Defendants maliciously and wrongfully acquired and/or used Ridgewood's proprietary client information.

47. Defendants' wrongful actions have interfered with, and continue to interfere with Ridgewood's contractual relationships and its reasonable expectation of prospective economic advantage with its customers and potential customers.

48. Defendants' interference with Ridgewood's customer relationships is intentional and malicious and diminishes Ridgewood's reasonable expectations of economic advantage with those customers and prospective customers.

49. As a direct and proximate result of the intentional and malicious interference by the Defendants with Ridgewood's contractual relationships and its reasonable expectation of prospective economic advantage with its customers and prospective customers, Ridgewood has been and continues to be injured in its business and property.

### COUNT FOUR (Wrongful Conversion)
### (as against Defendants Sun City and MPF)

50. Plaintiffs repeat and reallege ¶¶ 1-49, as if fully set forth herein.

51. Defendants improperly or illegally acquired Ridgewood's confidential and proprietary client information.

52. Defendants wrongfully used, and continue to use, Ridgewood's confidential client information.

53. As a direct and proximate result of such wrongful acquisition and use, Ridgewood has been and continues to be injured in its business.

### COUNT FIVE (Tortious Interference With Business Relations – Inducement to Breach Ridgewood's Trust Agreement With Jon Doe Investor)
### (as against Defendants Sun City and MPF)

54. Plaintiffs repeat and reallege ¶¶ 1-53, as if fully set forth herein.

55. Defendants Sun City and MPF have induced John Doe Investor to breach Trust Agreements with Ridgewood investors and violate his duty of loyalty and good faith by disclosing the Ridgewood customer list and by using the list for a purpose not reasonably related to the Investor's interest in the Funds.

56. Defendants' wrongful actions have interfered with, and continue to interfere with Ridgewood's contractual relationship with John Doe Investor and have caused Ridgewood to suffer damages including consequential damages.

57. Defendants' interference with Ridgewood's customer relationships is intentional and malicious and diminishes Ridgewood's reasonable expectations of economic advantage with those customers and prospective customers.

### COUNT SIX (Misappropriation of Confidential Information)
### (as against Defendant John Doe Investor)

58. Plaintiffs repeat and reallege ¶¶ 1-57, as if fully set forth herein.

59. Ridgewood's proprietary information is an extremely valuable asset.

60. Ridgewood's investors are an elite group of individuals and entities with the interest in, and the means to invest in Ridgewood's private Energy and Power Funds. As such, the investors' identities are not easily ascertainable.

61. Ridgewood's proprietary client information also includes more than mere names. Upon information and belief, Defendants have also acquired, and are using Ridgewood investors' home addresses, social security numbers, and investment preferences. This information is also not readily available or obtainable by third parties.

62. Upon information and belief, a Ridgewood investor may have improperly disclosed confidential investor information to Sun City and its affiliates, who are aware of the investor's breach of fiduciary duty and are now improperly using this information for their own pecuniary advantage to the detriment of Plaintiffs.

63. As a result of Defendant John Doe Investor's misappropriation of Ridgewood's confidential information, Plaintiffs have been, and continue to be, irreparably harmed.

### COUNT SEVEN (Breach of Duty of Loyalty and Good Faith)
### (as against Defendant John Doe Investor)

64. Plaintiffs repeat and reallege ¶¶ 1-63, as if fully set forth herein.

65. Ridgewood's investors owe a duty owe a duty of loyalty and good faith and fair dealing to Ridgewood and all Ridgewood investors.

66. Defendant John Doe Investor breached his duties to Ridgewood by wrongfully disclosing Ridgewood's confidential personal and financial investor information to a third party.

67. As a result of John Doe Investor's breach of its fiduciary duty and disclosure of Ridgewood's proprietary information, Plaintiffs have suffered injury that is incalculable and cannot therefore be compensated by monetary damages.

### COUNT EIGHT (Breach of Trust Agreement)
### (as against Defendant John Doe Investor)

68. Plaintiffs repeat and reallege ¶¶ 1-67, as if fully set forth herein.

69. Ridgewood's investors each signed Trust Agreements prior to investing in Ridgewood-managed Funds.

70. The Trust Agreement provides that they agree to use fund information, including the list of trust investors, solely for purpose reasonably related to the Investor's interest in the trust.

71. Defendant John Doe Investor violated the terms of this agreement by disclosing confidential investor information to third parties.

72. As a result of Defendant John Doe Investor's breach, Plaintiffs have been irreparably harmed.

**WHEREFORE**, Plaintiffs Ridgewood Power and Ridgewood Energy demand judgment against Defendants Sun City Equity Fund, LLC, Sun City Equity Fund 2, LLC, Mackenzie Patterson Fuller LP, Patterson Financial Advisors, Inc., John Doe Investor, John Does (1-10), and Jane Does (1-10), ABC Corp. (1-10) (and their officers, directors,

employees, agents, licensees, servants, successors and assigns affiliates, subsidiaries, and any and all persons in privity or in concert with them) as follows:

    a. Granting a preliminary and permanent injunction:

        i. compelling Defendants to immediately disclose to Plaintiffs: (a) a detailed inventory of all information that Defendants obtained concerning investors in any Ridgewood investment fund; (b) the name and contact information of the entity or individual who provided such information to Defendants; (c) the identity of all entities and individuals to whom Defendants have disclosed such information; and (d) a detailed inventory of all such information disclosed by Defendants to date;

        ii. compelling Defendants to immediately return to Plaintiffs all information that Defendants obtained concerning investors in any Ridgewood investment fund, including, but not limited to any confidential personal financial information about such investors, and including, but not limited to, all documents that are stored on any computer, computer disk, electronic rolodexes, personal phone books or equivalents thereof and/or other storage device that they own, control and/or use;

        iii. enjoining Defendants: (i) from disclosing, in whole or in part, any information that Defendants obtained concerning investors in any Ridgewood investment fund, including, but not limited to, any confidential personal financial information about such investors, to

any person, firm, corporation, association, or other entity for any reason or purpose whatsoever; and (ii) from using any such information for any purpose or allowing any person, firm, corporation, association, or entity under any circumstances to use such information or deriving any benefits whatsoever as a result of the unauthorized use of such information;

    iv. compelling Defendants to submit to expedited discovery, including, but not limited to, requests for documents, interrogatories, requests for admissions and depositions;

b. Awarding compensatory damages to Plaintiffs;

c. Awarding punitive damages to Plaintiffs;

                        PITNEY HARDIN LLP
                        200 Campus Drive
                        Florham Park, NJ 07932-0950
                        (973) 966-6300

                        By: /s/ Anthony J. Marchetta
                        Anthony J. Marchetta (AM 7718)
                        A Member of the Firm

Date: September 5, 2006

## VERIFICATION

STATE OF NEW JERSEY )
                    ) SS.:
COUNTY OF BERGEN    )

KATHLEEN MCSHERRY, having been duly sworn, according to law, upon his oath, deposes and say:

1. I am the Senior Vice President and Chief Financial Officer of plaintiff Ridgewood Energy Corp.. As such, I am familiar with the facts and proceedings herein and authorized to make this Verification on behalf of Plaintiffs.

2. I have read the attached Verified Complaint and state that the facts contained therein are true of my own knowledge, except as to matters therein stated to be alleged on information and belief and, as to those matters, I believe them to be true based on information from sources I believe to be reliable.

*Kathleen McSherry*
Kathleen McSherry

Sworn and subscribed to
before me this 5 day
of September, 2006

*[signature]*

JEANNE THOMPSON
A Notary Public of New Jersey
My Commission Expires May 3, 2007

- 16 -